IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JOY'S GLENDIVE SERVICE, INC., GLEN LAWRES, and SASKATCHEWAN GOVERNMENT INSURANCE,<br><br>Defendants. | CV-11-62-BLG-RFC-CSO<br><br>**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Employers Mutual Casualty Company ["EMC"] filed a Complaint for Declaratory Relief against Defendants Joy's Glendive Service, Inc. ["Joy's"], Glen Lawres ["Lawres"], and Saskatchewan Government Insurance ["SGI"]. The Court has diversity jurisdiction under 28 U.S.C. §1332. This case was referred to the undersigned pursuant to Fed. R. Civ. P. 72(b)(1) and L.R. 72.2(a)(2).

Now pending is SGI's Motion to Dismiss (*Court Doc. 11),* which the remaining defendants joined (*Court Doc. 17).* Having considered the parties' arguments, the Court recommends that the motion be

1

denied for the following reasons.

I. **BACKGROUND**

Joy's, a Montana corporation, offers wrecker and property remediation services. Lawres is Joy's manager and resides in Dawson County, Montana. EMC, an Iowa company, is Joy's insurance carrier.

SGI is a Canadian insurance company. *Court Doc. 12* at 2. SGI insured two trucks that were involved in separate accidents in eastern Montana: a 1982 Kenworth semi truck and trailer owned and driven by Scott Manske (*Court Doc. 1, Exhibit G*, at 2); and a 2007 Freightliner semi power tractor with trailer owned by Roberge Transport, LTD and driven by Joseph Dansereau. *Court Doc. 1, Exhibit H*, at 2.

A. **The First Underlying Action**

On October 26, 2004, the Kenworth truck insured by SGI was in an accident north of Circle, Montana. The accident resulted in a fuel spill and local or state authorities hired Joy's to clean the spill. *Id.* Joy's billed SGI $42,359.84 for the initial cost. *Id.* The clean-up did not meet the requirements of the Montana Department of Environmental Quality [MDEQ], however, so Joy's did more work to clean the site. *Court Doc. 12* at 3. Joy's billed SGI $43,000.00 for the additional work,

2

making the total bill exceed $85,000.00. *Id.* Joy's subsequent work also failed to meet MDEQ's minimum standards. *Id.* SGI then hired Hanser's Environmental Remediation [Hanser's] to complete the work necessary to obtain a closure letter from MDEQ. *Id.* at 4.

SGI sued Joy's and Lawres in state court for breach of contract, breach of warranty, and negligence. *Court Doc. 1, Exhibit G*, at 4-5 (Cause No. DV-07-109). EMC is not a party in that case. There has been a settlement reached that is pending approval from the state district court.

### B. The Second Underlying Action

On March 25, 2007, the 2007 Freightliner truck insured by SGI was in an accident north of Glendive, Montana. *Court Doc. 1, Exhibit H, at* 2. Local or state authorities hired Joy's to extract the truck and trailer and to clean the resulting fuel spill. *Id.* at 3. Joy's billed SGI $43,170.00 for the work. *Id.*

SGI sued Joy's and Lawres in state court, alleging violations of the Montana Unfair Trade Practices and Consumer Protection Act, breach of contract, unjust enrichment, constructive fraud, and negligent misrepresentation. *Id.* at 4-7 (Cause No. DV-09-020). EMC is not a

3

party. As with the first underlying action, the parties have settled, pending approval of the settlement by the state district court. *Court Doc. 12* at 6 (referencing *Exhibit 1*, filed under seal at *Court Doc. 14*.)

### C. The Present Action

EMC filed this action seeking a declaration that "the provisions, limitations, and exclusions" of the insurance policies it sold to Joy's and Lawres preclude coverage for all counts in the underlying complaints. *Court Doc. 1* at 54-55, *Exhibit G, H*. EMC also seeks defense costs under MCA § 27-8-311, and attorneys fees under MCA 27-8-313. *Id.* at 55.

## II. PARTIES' ARGUMENTS

### A. SGI's Arguments

SGI's motion to dismiss urges the Court to abstain from exercising its jurisdiction. *Court Doc. 12* at 7. Citing Ninth Circuit authority, SGI argues that the Court should abstain because this is a declaratory judgment action is a dispute between an insurance company and its insureds which must be decided under state law. *Id. citing Polido v. State Farm Mut. Auto Ins. Co.*, 110 F.3d 1418, 1424 (9th Cir. 1997). SGI emphasizes that the Declaratory Judgment Act permits the Court

to decline to hear such a case.  *Id.* (*citing* 28 U.S.C. 2201(a)).

SGI applies the factors identified in *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942) to the present case, arguing that the first and third factors counsel abstention -- that is, avoiding needless determination of state law, and avoiding duplicative litigation.  *Court Doc. 12* at 10-12. SGI analogizes the present case to *Central United Life Insur. Co. v. Estate of Gleason,* 2011 WL 6258448 (D.Mont. Dec. 15, 2011), in which the first and third factors were also at issue.

As to the first factor, SGI argues that "[t]his case presents no federal questions at issue and no 'compelling federal interest.' Consequently, this action would require this Court to make a 'needless determination of state law.' " *Court Doc. 12* at 11 (internal citations omitted); *see also Court Doc. 20* at 4-5.

As to the third factor, SGI argues that "there is and was a pending state district court action which can address all declaratory relief sought by EMC pursuant to § 27-8-301, MCA, *et. seq.*" *Court Doc. 12* at 11; *Court Doc. 20* at 5.  SGI also argues that even if there were no pending state court actions, the Court could still choose not to exercise its jurisdiction.  *Id.* (*citing Dietz et al v. Mountain Farm West*, CV 04-

156-BLG-RFC, Dkt. 17 (Feb. 3, 2005)); *Court Doc. 20* at 6. SGI therefore encourages this Court to abstain from exercising jurisdiction and to dismiss the case. *Court Doc. 12* at 12.

### B. EMC's Arguments

EMC discusses all three of the *Brillhart* factors and argues that none encourages abstention. *Court Doc. 19* at 8-13. EMC analogizes this case to the Court's decision in *Gonzales v. Natl. Union Fire Ins. of Pitt., Pa.*, 2011 WL 4896561 (D. Mont. 2011), arguing that jurisdiction should be retained as it was in that case. *Id.* Relying on *Gonzales*, EMC argues that there is no presumption in favor of abstention in a declaratory judgment action or an insurance coverage case. *Court Doc. 19* at 8 (*citing Gonzales,* 2011 WL 4896561 at *4).

EMC argues that this case would not involve needless determination of state law issues. *Court Doc. 19* at 9. EMC argues that there *is* a need for this Court to determine certain state law issues that were not decided or even at issue in the underlying state court complaints. *Id.* EMC argues that it was not a named party in either of the underlying complaints and that both of those complaints involved claims that are not related to the declaratory relief it seeks from this

6

Court. *Id.* EMC argues that because the two underlying actions have settled, the determination of rights and responsibilities of the parties under the insurance policies cannot be more fully developed in the two underlying state cases. *Id.* at 9-10. EMC argues that, as in *Gonzales*, this declaratory judgment action seeks only a determination of coverage, which requires the interpretation of established principles of Montana law – not needless determination of state law issues. *Id.* at 10. EMC also invokes the federal interest in avoiding the effects of prejudice against out-of-state corporations, which it argues is preserved by maintaining diversity jurisdiction in federal court. *Id.* at 10.

As to the second *Brillhart* factor, EMC argues that the right to a federal forum is preserved by the constitutional provision for diversity jurisdiction and federal statutes. *Id.* at 11 (*citing Gonzales,* 2011 WL 4896561 at *5). EMC argues that asserting its right to diversity jurisdiction does not equate to forum shopping. *Id.* EMC argues that SGI's preference for a state forum is insufficient to deprive EMC of its right to a federal forum. *Id* (*citing Gonzales,* 2011 WL 4896561 at *5).

As to the third *Brillhart* factor, EMC argues that this action is not duplicative of the underlying complaints. *Court Doc. 19* at 12. EMC is

7

not a party to either of the state court actions, and those actions involve claims that are very different from the declaratory relief it seeks here. *Id*. EMC also cites *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361 (9th Cir. 1991) for the proposition that a parallel action in state court does not itself require this Court to abstain from jurisdiction. *Court Doc. 19* at 12.

As to the discretionary factors identified by the Ninth Circuit, EMC quotes *Gonzales* (2011 WL 4896561 at *6) and argues that "[s]uch reasoning in *Gonzales* applies equally to the present action, meaning the additional factors weigh against granting DGI's motion to dismiss." *Court Doc. 19* at 13. For all these reasons, EMC asks this Court to deny SGI's motion to dismiss. *Id*.

### III.    LEGAL STANDARD

The Ninth Circuit has explained that "[g]enerally, district courts have a 'virtually unflagging obligation … to hear jurisdictionally sufficient claims. The [Declaratory Judgment Act ("DJA")] relaxes this obligation in cases where a party seeks declaratory relief." *Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011) (citation omitted). The discretion courts retain under the

8

DJA is "the ability to 'accept' or 'decline' 'discretionary' jurisdiction, or to decide whether to 'exercise jurisdiction,' in an action seeking declaratory relief." *Id*. (citations omitted). In other words, "[t]he DJA ... does not confer jurisdiction, and therefore also does not afford the opportunity to decline it. The DJA gives district courts the discretion to decline to exercise the conferred remedial power, but in no way modifies the district court's jurisdiction, which must properly exist independent of the DJA." *Id*. at 853 (citation omitted).

But the Court's discretion to decline jurisdiction is not unfettered. It "cannot decline to entertain such an action as a matter of whim or personal disinclination." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). The Supreme Court's list of non-exclusive *Brillhart* factors "remain the philosophic touchstone" for the Court and guide its determination. *Id*. at 1225. These factors, as the parties here recognize, are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225. Essentially, the Court "must balance concerns of judicial administration, comity, and fairness to the

9

litigants." *Chamberlain*, 931 F.2d at 1367.

In addition to the *Brillhart* factors, the Ninth Circuit has added the following factors for the Court to consider: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "*res judicata*" advantage; and (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems. *Dizol,* 133 F.3d at 1225 n.5; *see also Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1107 (9th Cir. 2011). The district court may also consider the convenience of the parties and the availability and relative convenience of other remedies. *Dizol,* 133 F.3d at 1225 n.5.

This district court has had occasion to apply these factors. *See, e.g., Central United Life Insur. Co.,* 2011 WL 6258448; *Gonzales*, 2011 WL 4899905; *Great Am. Assurance Co. v. Discover Prop. & Cas. Ins. Co.,* 779 F.Supp. 2d 1158 (D. Mont. 2011); *Hale v. SAFECO Ins. Co. of IL.,* 2:12-cv-00001-CSO, *Dkt. # 19*, (D. Mont. March 1, 2012). A review of these cases reveals that the Court must carefully apply the above

factors to the facts and circumstances of each case.

## IV. DISCUSSION

SGI does not argue that the second Brillhart factor -- forum shopping – is determinative here. Instead, SGI argues that the first and third are the most relevant. Thus, the Court must consider whether the present action would require needless determination of state law and whether this litigation is duplicative of the underlying cases. The Court concludes that neither factor weighs in favor of dismissal.

### A. This action would not involve the needless determination of state law.

It is true that where, as here, "the sole basis for jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong[.]" *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991). The Ninth Circuit has also held, however, that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

Although SGI argues that this case would require needless

11

determinations of state law, SGI does not explain what those determinations are. In its responsive brief, EMC contends that this case "involves interpretation of insurance policy contract language under established principles of Montana law" (*Court Doc. 19 at* 10). In reply, SGI's only states in conclusory fashion that this action would require this Court to make a needless determination of state law – without explaining how that is so. (*Court Doc. 29 at 4-5*). Applying established state law to the policies at issue does not appear to require a needless determination of state law. The Ninth Circuit has noted that "[w]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Dizol,* 133 F.3d at 1225 (*citing Aetna Cas. & Sur. Co. v. Merritt,* 974 F.2d 1196, 1199 (9th Cir.1992)).

### B. This case does not involve duplicative litigation.

This case is not duplicative of either underlying action for three reasons. First, the parties in this action are different from the parties in the underlying actions. *Court Doc. 1, Exhibit G* and *Exhibit H*. EMC was not named as a party in either of the underlying complaints. *Id. at*

12

*Exhibit G, 1* and *Exhibit H, 1*. The parties are therefore not duplicative.

Second, the claims in this action are different from the claims in the underlying state court actions, which included: (1) breach of contract, breach of warranty, and negligence – in the first underlying complaint (*Court Doc. 1, Exhibit G, 4-6*), and (2) violation of the Montana Unfair Trade Practices and Consumer Protection Act, breach of contract, unjust enrichment, constructive fraud, and negligent misrepresentation – in the second underlying complaint (*Court Doc. 1, Exhibit H, 4-7*). Those claims relate to post-accident clean-up work performed by Joy's, not to the issue of Joy's insurance coverage. *Id.* at *Exhibit G,* and *Exhibit H*. None of the counts in either of the underlying complaints even mentions the insurance policies upon which the present claims are based. *Id.* at *Exhibit G,* 4-6 and *Exhibit H,* 4-7. The claims are therefore not duplicative.

Third, the relief sought in this action is different from the relief sought in the underlying actions in which SGI sought monetary relief from Joy's and Lawres for losses suffered as a result of Joy's post-accident clean-up. *Id. at Exhibit G, 4-6 and Exhibit H, 4-7.* Here, EMC seeks a declaratory judgment interpreting the insurance policies EMC

13

issued to Joy's. *Court Doc. 1* at 54-55. The relief therefore is not duplicative. For these three reasons, the litigation in this Court is not duplicative of the litigation in state court.

### C. **The *Dizol* factors do not counsel dismissal.**

Finally, the Court concludes that the additional factors identified in *Dizol* do not counsel dismissal here. First, the underlying actions have been settled by the parties. The action here will resolve the insurance controversy stemming from those settlements and clarify the legal relations among these parties. Second, there is no allegation that this action has been filed for the purpose of procedural fencing. And the parties have mentioned no potential entanglement between the federal and state court systems. The insurance coverage issues raised here are not at issue in the underlying actions where EMC is not even a party. Although SGI proffers that "[c]learly, these state court proceedings can serve as a forum to adjudicate EMC's declaratory relief claim," the Court finds this proposition less than clear. The state court is not in a position to adjudicate insurance coverage issues when the insurer is not a party and no coverage claims have been pled. Accordingly, application of the *Dizol* factors does not convince the Court to exercise its discretion

14

to recommend dismissal of this diversity case.

## V. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Defendants' motion to dismiss (*Court Doc. 11*) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of this Recommendation upon the parties. The parties are advised that pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 72.3, any objections to this Recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

Dated this 16th day of March, 2012.

/S/ Carolyn S. Ostby
United States Magistrate Judge